# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., ANDREW HIRT, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 3:13-cv-00870<br>) Senior Judge Haynes |
| WALGREEN COMPANY, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM

Plaintiff, Andrew Hirt, filed this action as Relator on behalf of the United States, under the False Claims Act ("FCA"), 31 U.S.C. § 3729, et seq. against the Defendant Walgreen Company ("Walgreens"). The United States declined to intervene. (Docket Entry No. 16). The Relator's claim, in essence, is that Walgreens unlawfully induced Medicare and Medicaid enrollees to switch pharmacies by offering them $25.00 gift cards.

Walgreens filed its motion to dismiss (Docket Entry No. 44), contending that the Relator's claim should be dismissed due to: (1) the FCA's "public disclosure" rule; (2) the FCA's "first-to-file" rule; (3) the FCA's "government action" rule; (4) the doctrine of res judicata; (5) Rule 9(b)'s heightened pleading standard; and (6) failure to state a claim under Rule 12(b)(6). The Relator filed a response. (Docket Entry Nos. 46-47). Walgreens filed a reply in which it withdrew its argument based on the "first-to-file" rule in light of the Supreme Court's decision in Kellogg Brown & Root Servs., Inc. v. United States ex rel. Carter, 135 S.Ct. 1970 (2015). (Docket Entry No. 51 at 2 n.1).

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 52) recommending that Walgreens' motion to dismiss (Docket Entry No. 44) should be granted due

to the public disclosure rule and the Relator's failure to satisfy Rule 9(b)'s heightened pleading standard. The Magistrate Judge found these reasons sufficient to dismiss the Relator's claim without considering Walgreens' additional arguments. (Docket Entry No. 52 at 17). The Magistrate Judge's specific conclusions are, in sum: (1) that the Relator's allegations are based upon substantially similar allegations publically disclosed in a 2008 Michigan qui tam action and 2012 press release issued by the Department of Justice ("DOJ"); (2) that the Relator does not qualify for the "original source" exception to the public disclosure rule because the Relator fails to allege that, before filing his complaint, he voluntarily provided information to the government that materially adds to the previous public disclosures; (3) that the Relator fails to satisfy Rule 9(b) because he does not identify any specific false claim; and (4) that the Relator's allegations do not merit relaxation of Rule 9(b)'s pleading requirements because the Relator has no personal knowledge of Walgreens' billing practices and fails to allege facts that support a "strong inference" that Walgreens submitted false claims.

The Relator filed objections to the Report and Recommendation (Docket Entry No. 53), contending, in sum: (1) that his claim is not derived from or based upon previous public disclosures because the Relator's amended complaint reveals new violations of the FCA; (2) that his amended complaint is sufficiently specific because it states the time, place, and content of the alleged false claims as well as the fraudulent scheme, fraudulent intent, and resulting injury; and (3) that Rule 9(b)'s heightened pleading standard should be relaxed because his allegations cannot be any more specific through no fault of his own. The Relator does not object to the Magistrate Judge's conclusion that he fails to qualify for the original source exception to the public disclosure rule.

Upon de novo review, the Court **ADOPTS** the Magistrate Judge's Report and

2

Recommendation. For the reasons set forth below, the Court concludes that the Relator's action against Walgreens should be dismissed for lack of subject matter jurisdiction and failure to plead with sufficient particularity.

"Because federal course are courts of limited jurisdiction, the plaintiff must establish subject matter jurisdiction." Walburn v. Lockheed Martin Corp., 431 F.3d 966, 970 (6th Cir. 2005) (citing United States ex rel. McKenzie v. BellSouth Telecomms., Inc., 123 F.3d 935, 938 (6th Cir. 1997)). "The basis for jurisdiction must be apparent from the facts existing at the time the complaint is brought." United States ex rel. Poteet v. Medtronic, Inc., 552 F.3d 503, 510 (6th Cir. 2009) (citations omitted).

For his FCA claim, Relator must allege sufficient facts that Walgreens knowingly presented, or caused to be presented, a false or fraudulent claim for payment or approval of payment to an officer or employee of the United States Government. See 31 U.S.C. § 3729(A)(1).

The FCA's public disclosure rule "limits the subject matter jurisdiction of federal courts over qui tam actions based upon previously disclosed information." Walburn, 431 F.3d at 973 (citing McKenzie, 123 F.3d at 938). The Sixth Circuit applies a "broad construction of the public disclosure bar, which precludes individuals who base any part of their allegations on publicly disclosed information from bringing a later qui tam action." Id. at 975 (citations omitted). Under 31 U.S.C. § 3730(e)(4)(A), the court "shall dismiss an action or claim . . ., unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed . . . ." Public disclosure must occur: "(i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party; (ii) in a congressional, Government Accountability Office, or other Federal report, hearing audit, or investigation; or (iii) from the news

media . . . ." Id. § 3730(e)(4)(A)(i)-(iii).

The Sixth Circuit conducts the following analysis to determine whether the public disclosure rule applies:

> [A] court must consider first whether there has been any public disclosure of fraud, and second whether the allegations in the instant case are "based upon" the previously disclosed fraud. If the answer is "no" to [either] of these questions, the inquiry ends, and the qui tam action may proceed; however, if the answer to each of the above questions is "yes," then we must determine whether the relator nonetheless qualifies as an "original source" under § 3730(e)(4)(B), in which case the suit may proceed.

Poteet, 552 F.3d at 511 (internal citations and quotations omitted). The Relator does not dispute that the 2008 Michigan qui tam action and the 2012 DOJ press release are public disclosures of fraud, but argues that his amended complaint is not "based upon" the previously disclosed allegations because the Relator alleges subsequent violations of the FCA.

Allegations are "based upon" previously disclosed fraud where "substantial identity exists between the publicly disclosed allegations or transactions and the qui tam complaint." Id. at 514 (citations omitted). "Any 'action based even partly upon public disclosures' will be jurisdictionally barred." Id. (citation omitted). "Not a single circuit has held that a complete identity of allegations, even as to time, place, and manner is required to implicate the public disclosure bar . . . ." Id. (quoting United States ex rel. Boothe v. Sun Healthcare Group, Inc., 496 F.3d 1169, 1174 (10th Cir. 2007)).

Here, the Relator's allegations are essentially identical to publically disclosed allegations that Walgreens induced Medicaid and Medicare recipients to transfer their prescriptions using $25 gift cards. In his amended complaint, the Relator alleges that Walgreens "has defrauded the United States though a systemic pattern and practice of offering incentives in the form of $25.00 gift cards to

4

switch pharmacies as an inducement to beneficiaries of the Medicaid and Medicare programs." (Docket Entry No. 29 at ¶ 3). In the 2008 Michigan qui tam complaint, the relator similarly alleged that "Walgreens engaged in providing customers discounts through such means as a Prescription Savings Discount Club, $10 discount checks, $20 discount checks, $25 gift card coupons, and $50 coupon brochures." (Docket Entry No. 45-2 at ¶ 16 (emphasis added)). The Michigan relator also alleged that "Walgreens gave discounts on prescription drugs that it provided to Medicare and Medicaid recipients through discount checks, gift cards and other coupons." Id. at ¶ 19 (emphasis added). Likewise, the 2012 DOJ press release announced a settlement that "resolved allegations that Walgreens offered illegal inducements to beneficiaries of government health care programs, including Medicare [and] Medicaid, . . . in the form of gift cards, gift checks and other similar promotions that are prohibited by law, to transfer their prescriptions to Walgreens pharmacies." (Docket Entry No. 45-1 at 2 (emphasis added)). The press release specifically noted allegations that "Walgreens had offered government health beneficiaries $25 gift cards when they transferred a prescription from another pharmacy to Walgreens." Id. (emphasis added).

The Relator argues that "Walgreens did not alter its behavior and it has continued to engage in the same fraudulent conduct that led to violations of the False Claims Act in the first place." (Docket Entry No. 53 at 1). Yet, complete identity of "time, place, and manner" between the Relator's allegations and publically disclosed allegations is not necessary to find that substantial identity exists. See Poteet, 552 F.3d at 514; United States ex rel. Stratienko v. Chattanooga-Hamilton Cnty. Hosp. Auth., 958 F.Supp.2d 846, 863 (E.D. Tenn. 2013) ("[T]he mere fact that many of the arrangements and transactions alleged in the amended complaint occurred subsequent to those mentioned in the public disclosures does not make the public disclosure bar inapplicable."). As the

Magistrate Judge concluded, "there is no reasonable dispute that at least some parts of Relator's complaint are based on the $25.00 gift card scheme publicly disclosed by both the 2008 Michigan complaint and the 2012 DOJ press release." (Docket Entry No. 52 at 12). Thus, the Court concludes that the Relator's qui tam complaint is "based upon" publically disclosed allegations. See Poteet, 552 F.3d at 514.

The public disclosure rule does not apply where "the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A). Yet, the Relator does not object to the Magistrate Judge's conclusion that he is not an "original source" under the FCA. Because the Relator fails to allege that he voluntarily provided information to the Government prior to a public disclosure or filing this action, the Relator does not qualify for the original source exception to the public disclosure rule. See § 3730(e)(4)(B). Thus, the Court concludes that the Relator's FCA claim is barred by the public disclosure rule and should be dismissed for lack of subject matter jurisdiction. See Walburn, 431 F.3d at 973.

Next, the Relator objects to the Magistrate Judge's finding that his amended complaint fails to satisfy Rule 9(b)'s heightened pleading requirement. Fed. R. Civ. P. Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Sixth Circuit also has a "clear and unequivocal requirement" that Rule 9(b) requires a relator in a qui tam action to allege a specific false claim. United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 501 F.3d 493, 504 (6th Cir. 2007) (hereinafter "Bledsoe II"). Here, the Relator has not provided an example of a specific false claim by Walgreens, and thus fails to state his FCA claim with requisite particularity. See id.

The requirement that a relator identify a specific false claim may be relaxed "where a relator demonstrates that he cannot allege the specifics of actual false claims that in all likelihood exist, and the reason that the relator cannot produce such allegations is not attributable to the conduct of the relator." See id., 501 F.3d at 504 n.12. These circumstances typically "arise when the relator has 'personal knowledge that the claims were submitted by Defendants . . . for payment." See Chesbrough v. VPA, P.C., 655 F.3d 461, 471 (6th Cir. 2011) (citations omitted). Despite the Relator's argument that he has "provided sufficient information that reasonably supports a strong inference that fraudulent claims were submitted," (Docket Entry No. 53 at 4), the circumstances for relaxation are not present here.

As demonstrated in the 2008 Michigan qui tam complaint, a relator may demonstrate specific instances of fraud by utilizing two-letter initials to identify patients, including specific dates on which claims were submitted, and naming specific prescribing physicians. (See Docket Entry No. 45-2 at ¶ 72). Here, the Relator's amended complaint identifies the name of his pharmacy, the city where the alleged fraud occurred; and a range of dates during which the alleged fraud occurred. (Docket Entry No. 29 at ¶ 17). These allegations are insufficiently particular to support a "strong inference that fraudulent claims were submitted." See Bledsoe II, 501 F.3d at 504.

The Relator also alleges that the Health Insurance Portability and Accountability Act ("HIPAA") prevents him from disclosing his customers' names that accepted Walgreens' "fraudulent gifts to transfer their business from his pharmacy to Defendant's pharmacy." (Docket Entry No. 29 at ¶ 17). Yet, as the Magistrate Judge found, "the identity of the individual does not need to be revealed in order to allege a specific instance of fraud" by Walgreens. (Docket Entry No. 52 at 15). Further, the Relator fails to allege that he has personal knowledge that Walgreens actually submitted

claims for payment. See Chesbrough, 655 F.3d at 471. Because the Relator's allegations do not merit relaxation of the Sixth Circuit's requirement that relators identify actual false claims, the Court concludes that the Relator's amended complaint does not satisfy Rule 9(b). See id. at 472.

For these reasons, the Court concludes that Walgreens' motion to dismiss (Docket Entry No. 44) should be granted.

An appropriate Order is filed herewith.

It is so **ORDERED**.

**ENTERED** this the ___ day of April, 2016.

                              WILLIAM J. HAYNES, JR.
                              Senior United States District Judge