IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., ANDREW HIRT, <br><br> Plaintiff, <br><br> v. <br><br> WALGREEN COMPANY, <br><br> Defendant. | No. 3:13-cv-00870 <br> Senior Judge Haynes |

**MEMORANDUM**

Before the Court is Defendant's motion for sanctions under 28 U.S.C. § 1927 (Docket Entry No. 60) to which Relator filed a response (Docket Entry No. 63). Defendant seeks sanctions against Relator's counsel for "the excess attorneys' fees that Walgreens reasonably incurred because of his unreasonable and vexatious multiplication of the proceedings in this case." (Docket Entry No. 60 at 1). Specifically, Defendant seeks $19,108.00, that "encompasses the professional fees that Walgreens incurred to respond to Relator's improper Objection to the Magistrate's Report and Recommendation and Relator's improper Motion to Alter or Amend Judgment . . . . It also encompasses the professional fees that Walgreens incurred to prepare" its motion for sanctions. (Docket Entry No. 61 at 2 (internal citations omitted)).

Twenty-eight U.S.C. § 1927 provides that an attorney that "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 sanctions do not require that an attorney act in "bad faith" or with "conscious impropriety," but a court should inquire whether "an attorney knows or reasonably should know that a claim pursued

is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." Hall v. Liberty Life Assurance Co. of Boston, 595 F.3d 270, 275-76 (6th Cir. 2010) (citing Rentz v. Dynasty Apparel Indus., 556 F.3d 389, 396 (6th Cir. 2009)). The sanction requires "a showing of something less than subjective bad faith, but something more than negligence or incompetence." Id.

Defendant argues that Relator's counsel needlessly extended the proceedings in this action by filing an objection to the Magistrate Judge's Report and Recommendation that did not raise any specific objections and "merely restated the same legal arguments previously presented to the Court . . . ." (Docket Entry No. 61 at 6). In his response, Relator's counsel states: "If the Relator's counsel had not filed an objection to the Magistrate's Report and Recommendation, then his arguments would have been waived. Relator's counsel was preserving the record for appeal." (Docket Entry No. 63 at 2). The Court declines to award sanctions under § 1927 for Relator's counsel's conduct related to filing objections to the Magistrate Judge's Report and Recommendation.

Defendant correctly notes that Relator's objections essentially restated legal arguments previously presented to the Court in Relator's response to the Defendant's motion to dismiss. Yet, additional time that the Defendant spent responding to Plaintiff's objections is mitigated by the fact that Defendant already had an opportunity to respond to those same arguments in its reply to Plaintiff's response to its motion to dismiss. (See Docket Entry No. 38, Reply in Support of Defendant Walgreen Co.'s Motion to Dismiss Relator's Complaint). Further, because this action was assigned to the Magistrate Judge, the filing of objections—even if they were insufficiently specific—did not "needlessly obstruct the litigation." See Hall, 595 F.3d at 275-76. In these circumstances, the filing of insufficiently specific objections at most constituted "negligence or

incompetence" for which sanctions are not appropriate under § 1927. Id. at 276.

As to Relator's motion to alter or amend, Defendant argues that Relator's counsel "'knowingly disregard[ed] the risk that his actions [would] needlessly multiply proceedings' by continuing to restate the same legal argument presented to the Court on multiple occasions." (Docket Entry No. 61 at 9 (quoting Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater, 465 F.3d 642, 646 (6th Cir. 2006)). In his response, Relator's counsel contends that the motion to alter or amend was filed "in the ordinary course of litigation" and "to preserve the record for appeal." (Docket Entry No. 63 at 5).

For relief under Rule 59(e), there must be "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)). Here, Relator's motion to alter or amend did not even specify which of these four bases for relief was applicable. The "ordinary course of litigation" does not include improperly requesting reconsideration. See Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case.") (citation omitted).

As the Court previously noted in its Order denying Relator's motion to alter or amend judgment (Docket Entry No. 62), Relator's Rule 59 motion is a nearly verbatim reassertion of his objections to the Magistrate Judge's Report and Recommendation, with the addition of quoting paragraphs two and three of his amended complaint. (Compare Docket Entry No. 53, Plaintiff's Objection to Report and Recommendation, with Docket Entry No. 58, Plaintiff's Motion to Alter or Amend). Thus, Relator's motion to alter or amend was not necessary "to preserve the record for

3

appeal" because the arguments therein were already well-documented in previous filings. Based on the Court's earlier rulings, Relator's counsel "reasonably should have known" that filing the motion to alter or amend would "needlessly obstruct the litigation" and thus § 1927 sanctions are proper for this conduct. See Hall, 595 F.3d at 275-76. The Court agrees with Defendant and concludes that Relator's counsel should "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred" by Defendant in responding to Relator's motion to alter or amend. See 28 U.S.C. § 1927.

The party awarded sanctions under § 1927 is only due the "excess costs, expenses and attorneys' fees" that were "'reasonably incurred' as a result of the wrongful multiplication of the proceedings." Johnson v. Zimmer Holdings, Inc., 73 F.Supp.3d 814, 819 (E.D. Ky. Dec. 16, 2014) (citing In re Ruben, 825 F.2d 977, 988 (6th Cir.1987)). Defendant requests $19,108.00 for professional fees incurred responding to Relator's objection, responding to Relator's motion to alter or amend judgment, and preparing its motion for sanctions. (Docket Entry No. 61 at 2). Defendant's counsel submitted an itemized statement of fees from March 16, 2015, the date of Relator's objection. (Docket Entry No. 61-1).

Relator's counsel does not challenge the reasonableness of the hours expended or the rates charged, but notes that "[a]t least eighteen (18) hours included in [Defendant's] accounting have to do with drafting, editing and reviewing the Defendant's Motion for Sanctions. The other hours listed in the accounting have to do with the ordinary course of litigating this action." (Docket Entry No. 63 at 4). The Court concludes that based upon Defendant's submissions the hours expended by Defendant's attorneys and the attorneys' hourly rates are reasonable.

Upon review of Defendant's statement of fees, Defendant spent 19.25 hours and incurred

4

total expenses of $7,281.00 from March 16, 2016 through April 5, 2016 responding to Relator's objection. Id. at 1-2. Because the Court concludes that § 1927 sanctions are inappropriate for Relator's counsel's conduct related to filing the objection, Defendant is not entitled to these expenses. Defendant also spent 7.5 hours and incurred total expenses of $2,836.00 from May 3, 2016 through May 17, 2016 responding to Relator's motion to alter or amend judgment.[1] Id. at 2-4. Because Relator's counsel "reasonably should have known" that filing the motion to alter or amend would "needlessly obstruct the litigation," the Court awards Defendant $2,836.00. Finally, Defendant spent 30 hours and incurred total expenses of $8,991.00 from May 12, 2016 through May 26, 2016 preparing its motion for sanctions. Id. at 3-5.

In its motion for sanctions, Defendant argues that Relator's counsel unreasonably and vexatiously multiplied these proceedings in three separate ways, with its analysis divided into three separate sections. (Docket Entry No. 61 at 4-9). Because the Court concludes that § 1927 sanctions are proper based on Relator's counsel's conduct described in only one of these sections, the Court also awards Defendant one-third of its expenses incurred in preparing its motion for sanctions, or $2,997.00. See Bailey v. Papa John's USA, Inc., 236 F.App'x 200, 206 (6th Cir. 2007) (upholding a district court's award of sanctions by "looking to the amount of argument devoted by" the party receiving fees).

Accordingly, for these reasons, the Court concludes that Defendant's motion for sanctions

---

[1] During this period, there are four itemized entries in Defendant's statement of fees that do not distinguish between Defendant's time spent responding to Relator's motion to alter or amend and Defendant's time spent preparing its motion for sanctions. (Docket Entry No. 60-1 (5/12/2016 Selina Coleman; 5/12/2016 Savannah Wiseman; 5/16/2016 Selina Coleman; 5/17/2016 Savannah Wiseman)). The Court considers these entries as related to Defendant preparing its motion for sanctions for the purposes of calculating the award.

under 28 U.S.C. § 1927 (Docket Entry No. 60) should be **GRANTED in part**, and Defendant should recover from Relator's counsel a total award of excess costs, expenses, and attorneys' fees in the amount of $5,833.00.

An appropriate Order is filed herewith.

**ENTERED** this the 2nd day of ~~October~~ November, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge